RUSSELL BLAKELEY *vs.* WILLIAM G. LE DUC and another.

January 23, 1879.

**Unrecorded Declaration of Trust.**—Le Duc conveyed by deed, absolute in its terms, real estate to S., which deed was duly recorded. S., at the same time, executed an instrument referring to such deed, and declaring that he held the premises in trust for the sole use and benefit of M. E. Le Duc, her heirs and assigns, forever, subject, however, to the payment of a certain indebtedness from Le Duc to him, as security for which the premises were to be held by him. This instrument was not recorded. *Held*, that the conveyance to S. was in the nature of a mortgage, and that, the declaration of trust not being recorded, any interest which M. E. Le Duc might take thereunder was postponed to the lien of a judgment against Le Duc, docketed subsequent to the conveyance to S.

Appeal by defendants from an order of the district court for Ramsey county, *Simons*, J., presiding, refusing a new trial.

*Gilman, Clough & Lane*, for appellants.

*Davis, O'Brien & Wilson*, for respondent.

GILFILLAN, C. J. Action to set aside a conveyance by defendants Le Duc and wife to defendant Smith, of real estate, alleged to have been made for the purpose of defrauding the creditors of Le Duc, the owner.

Le Duc owned the real estate, March 16, 1874, and there was then due upon it for taxes, and upon tax sales, $1,252.58. Le Duc owed Mrs. Le Duc much more than the value of the real estate. On that day Le Duc and wife, by a deed absolute in its terms, conveyed the real estate to Smith, and at the same time Smith executed an instrument under seal, stating the conveyance to him, and declaring as follows: "I hold the said premises in trust, nevertheless, for the sole use and benefit of the said Mary E. Le Duc, her heirs and assigns, forever; subject, nevertheless, and this declaration of trust is made upon such condition, to the payment to the undersigned of the sum of $1,000, with interest thereon, by the said William G. Le Duc, for which the note of hand of said William G. Le Duc is given, of this date, due four months from date,

and for the payment of which said note said premises are held as security." The deed of conveyance was duly recorded, but the instrument executed by Smith never was recorded. In 1876, plaintiff recovered judgment against Le Duc, which was duly docketed in the county of Ramsey, where the real estate was situated. Smith had agreed to pay the taxes upon the property, which it was supposed at the time could be done for $1,000, and the note was to be given him for the sums so paid by him; but the note was never given, and Smith had to pay, and paid, the full amount of $1,252.58, on account of the taxes, and took, from the holder of the certificate of tax sale, a quitclaim deed of the part of the real estate sold for taxes. The conveyance to Smith was not made with intent to defraud the creditors of Le Duc, but as part-payment of his indebtedness to Mrs. Le Duc, and to secure the repayment to Smith of the sums paid by him on account of the taxes. The court below found, as conclusions of law, that the conveyance to Smith was in law valid as a mortgage or security upon the real estate, to secure to him the payment by Le Duc of the $1,252.58, and interest, and that Smith has no other interest in the real estate; that the instrument executed by him is void, and that Mrs. Le Duc has no estate or title in the real estate, but that the fee is in Le Duc; and that plaintiff's judgment is a lien thereon, subject to said lien of Smith; and judgment to that effect was ordered.

This saves to Smith all the rights that he can claim in the real estate, and he has no cause to complain. That the property is subjected to the payment of Le Duc's debts gives him no legal ground of complaint. As to Mrs. Le Duc, the case (supposing the conveyance to Smith, and the instrument executed by him, to be of any effect so far as she was concerned,) turns upon the statute regulating the recording of conveyances. Assuming the instrument executed by Smith to be valid, the effect of it, and of the conveyance to him, was, under the statute of uses and trusts, to vest the legal estate in her, subject to his lien or mortgage. But the title could not pass

to her without the declaration of trust; without that, whatever may have been the intention of the parties in respect to the trust in her favor, the deed to Smith would have operated only as a mortgage to him. The instrument which connected her with the title, and vested an estate in her, not being recorded, was postponed to the docketed judgment. As it affects that judgment, it is as though it had never been executed; and if it had not been executed, certainly the deed to Smith would have been effectual only as security, and would have been of no effect so far as it was intended to create a trust in favor of Mrs. Le Duc, in the equity of redemption.

Order affirmed.